UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY LAMELL EZELL,<br><br>         Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | CASE NO. C10-467RSM<br>            CR05-273RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION |

    This matter is before the Court for consideration of a Report and Recommendation filed by the Honorable Mary Alice Theiler, United States Magistrate Judge. Dt. #16. Judge Theiler recommends denial of the § 2255 motion filed by petitioner Terry Ezell, and dismissal of the

1  action. The Court shall approve and adopt the Report and Recommendation, but writes

2  separately to address petitioner's objections. Dkt. #17.

3  **I. DISCUSSION**

4  **A. Standard**

5   Motions from *pro se* prisoners should be liberally construed. *U.S. v. Seesing*, 234 F.3d

6  456, 462 (9th Cir. 2000). Technical errors or ignorance of legalistic requirements ought not to

7  prevent a court from evaluating the merit of a pro se habeas petitioner's claims. *See Holiday v.*

8  *Johnston*, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). *Pro se* habeas petitioners are

9  to be given the benefit of any doubt, and a district court may consider arguments raised for the

10  first time in an objection to a magistrate judge's Report and Recommendation. *See Brown v.*

11  *Roe*, 279 F.3d 742, 746 (9th Cir. 2002). Although Mr. Ezell failed to state a Sixth Amendment

12  claim for ineffective assistance of counsel in his initial § 2255 petition, he argues in support of

13  the claim in his objections to the Report and Recommendation. The Court shall thus consider

14  whether a Sixth Amendment violation occurred.[1]

15   The Court evaluates claims of ineffective assistance of counsel using the standard set

16  forth in *Strickland v. Washington*, 466 U.S. 668, 691-94 (1984). Under *Strickland*, counsel's

17  performance may be deemed ineffective if the petitioner can prove that 1) the counsel's

18  representation was deficient, or fell below an objective standard of reasonableness, and 2) that

19  the "deficient performance prejudiced the defense." *Id*. at 687. This standard is highly

20

21  ─────────────────────────

22  [1] The procedural default rule construed in the Report and Recommendation does not apply to Mr. Ezell's Sixth Amendment claim for ineffective assistance of counsel. Under *Kimmelman v. Morrison*,
23  477 U.S. 365, 383 (1986), *Stone v. Powell'*s prohibition of federal habeas review of new Fourth Amendment claims does not extend to "Sixth Amendment ineffective-assistance-of-counsel claims which
24  are founded primarily on incompetent representation with respect to a Fourth Amendment issue."

deferential, and there is a strong presumption that counsel pursued a sound defense strategy. *Id*. at 689.

**B. Analysis**

1. <u>Sixth Amendment Ineffective Assistance of Counsel</u>

Mr. Ezell argues that his counsel was constitutionally ineffective for failing to raise *Arizona v. Gant*, __ U.S. __, 129 S. Ct. 1710 (2009) at trial and on appeal. Dkt. #17. Regarding his Sixth Amendment claim as it applies to his trial, he cannot show that his counsel was ineffective for failing to file a motion to suppress evidence of drugs and the gun found in his car. The Supreme Court granted certiorari in *Gant* on February 25, 2008, a week before Mr. Ezell's trial began on March 3, 2008. *Compare Arizona v. Gant*, 552 U.S. 1230 (2008) *with* Dkt. #9, p. 8. When Mr. Ezell's trial took place, well-established Supreme Court precedent broadly authorized vehicle searches incident to arrest. *See New York v. Belton*, 453 U.S. 454 (1981); *Thornton v. United States*, 541 U.S. 615 (2004). His counsel's failure to challenge that precedent did not violate an objective standard of reasonableness, and thus does not satisfy the *Strickland* test.

Mr. Ezell likewise does not have a viable Sixth Amendment claim based on counsel's failure to argue *Gant* on appeal. With regard to the first prong of *Strickland*, there are no published appellate cases that address the reasonableness of counsel's failure to argue new constitutional precedent on appeal. However, well-settled case law establishes that although the Constitution guarantees criminal defendants a competent attorney, it "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac,* 456 U.S. 107, 134 (1982). An attorney need not raise every potentially meritorious argument on appeal because "the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Miller v. Keeney,* 882 F.2d 1428, 1434 (9th Cir.1989). While

1  *Gant* had been decided one month before Mr. Ezell's attorney argued the case before the Ninth

2  Circuit, the Court finds that his failure to raise the issue did not violate an objective standard of

3  reasonableness.

4      Regardless of whether appellate counsel's performance could be deemed deficient, the

5  failure to argue *Gant* did not prejudice Mr. Ezell.  As indicated in the Report and

6  Recommendation, the facts established at trial show that the application of *Gant* would not have

7  resulted in suppression of the evidence found in Mr. Ezell's car.  Dkt. #16 at 7.  Under the

8  inevitable discovery doctrine, the government may rely on evidence that ultimately would have

9  been discovered absent a constitutional violation.  *Nix v. Williams*, 467 U.S. 431, 443 (1984);

10  *United States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986).  In *U.S. v. Ruckes*, 586 F.3d 713,

11  718 -719 (2009), the Ninth Circuit applied the inevitable discovery rule to a case involving a

12  vehicle search that was impermissible under *Gant*, finding that the evidence would have

13  ultimately been discovered through a lawful inventory search after the car was impounded.

14  Here, although it is not clear whether police officers would have ultimately impounded Mr.

15  Ezell's car, they had sufficient probable cause to perform a lawful vehicle search pursuant to the

16  automobile exception.  Because the inevitable discovery doctrine would have rendered the

17  evidence admissible even under *Gant*, Mr. Ezell was not prejudiced by his counsel's failure to

18  raise *Gant* on appeal.

19      Mr. Ezell also argues that his counsel was constitutionally ineffective for failing to argue

20  that this Court committed a *Shepard* violation during sentencing.  However, his attorney's

21  performance was not deficient under the deferential *Strickland* standard.  "[S]trategic choices

22  made after thorough investigation of law and facts relevant to plausible options are virtually

23  unchallengeable." *Earp v. Cullen*,  623 F.3d 1065, 1077 (9th Cir. 2010) (*quoting Strickland*, 466

24

1 U.S. at 690). Although Mr. Ezell's counsel did not cite *Shepard*, he challenged the violent
2 felony classification of Mr. Ezell's burglary conviction on various grounds prior to sentencing.
3 *See* CR05-273 Dkt. #117. Defense counsel's decision to make certain arguments while
4 neglecting others did not render his performance constitutionally ineffective.

5     2. <u>Recency Amendment</u>

6     Mr. Ezell also contends that the recency amendment ("Amendment 742") to § 4A1.1 of
7 the sentencing guidelines necessitates a reduction in his criminal history points and sentence.
8 However, regardless of whether the amendment would otherwise affect Mr. Ezell's sentence, it
9 did not go into effect until November 1, 2010. This Court sentenced Mr. Ezell on July 11, 2008.
10 Dkt. #9, p. 1. A guideline amendment is applied retroactively only when it has been specifically
11 listed among the retroactive amendments identified in U.S.S.G. § 1B1.10(c). *See U.S. v.*
12 *Dunphy*, 551 F.3d 247, 249 (4th Cir. 2009). Because Amendment 742 is not listed in U.S.S.G. §
13 1B1.10(c), it is not retroactive and cannot be applied to Mr. Ezell's sentence.

## II. CONCLUSION

17     The Court, after careful consideration of petitioner's 28 U.S.C. § 2255 motion for writ of
18 habeas corpus, the government's response, the Report and Recommendation of the Honorable
19 Mary Alice Theiler, petitioner's objections, and the balance of the record, does hereby find and
20 ORDER:

21     (1) The Report and Recommendation is ADOPTED;

22     (2) Petitioner's § 2255 motion (Dkt. #1) is DENIED and this case is DISMISSED with
23         prejudice;

1    (3) Petitioner is DENIED issuance of a certificate of appealability; and

2    (4) The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

4   Dated this 18th day of May 2011.

                                      RICARDO S. MARTINEZ  
                                      UNITED STATES DISTRICT JUDGE